RUBIE C. CONNOR AND C. E. CONNOR, *Appellant*, v. THE JOSEPH DIXON CRUCIBLE COMPANY, *Appellee*.

Division B.

Opinion Filed September 22, 1926.

1. The contract to warrant decree of specific performance must be definite, clear and certain and land definitely described, or so much so as to be located.

An Appeal from the Circuit Court for Citrus County; W. S. Bullock, Judge.

Affirmed.

*D. Niel Ferguson*, for Appellant;

*Anderson & Anderson*, for Appellee.

PER CURIAM.—In this case demurrer was filed to an amended bill of complaint. The demurrer contained

twelve grounds. Upon hearing the court made the following order:

"This cause came on to be heard on demurrer to amended bill and was argued by the solicitors for respective parties. As reargument was had on application of defendant's solicitor because he failed to receive notice of time of first argument, and the court has considered the said demurrer."

In the first instance I cannot discover any right in Ruby C. Connor to have any specific performance.

There has not been at any time any contract wherein she was one of the parties. At best, there was a deed sent to the bank at the request of Claude E. Connor, in which she was the grantee, but the proposition for a cash payment failed, and it is immaterial as to what reason caused the failure.

The contract must be definite, clear and certain and land definitely described, or so much so as to be located. The contract herein, "Exhibit A," made a part of the bill, states a given number of acres in certain sections, townships and ranges, without indicating what portion of the section. It is apparent from this bill and exhibits that both parties contemplated further contracts, for 'Exhibit C' states that 'the contract for your execution,' that of Claude E. Connor, is to be signed by him and sent to defendants.

There are other objections raised by the demurrer that seem well taken, but the court does not deem it necessary to discuss.

It is considered and ordered that the demurrer be and same is sustained. Complainants may have until the rule day in January, 1926, to amend bill. Done and ordered in Chambers at Ocala, Fla., Dec. 12, 1925."

From this order appeal was taken.

It seems to the Court that there is no error in the said

order sustaining demurrer to the Bill of Complaint and that the order sets forth good and sufficient reasons for the basis thereof; it is, therefore, considered, ordered and adjudged by the Court that the said order sustaining demurrer to the Bill of Complaint of the Circuit Court be, and the same is hereby affirmed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.